## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BELINDA WASHINGTON | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-15-2691 |
| | * | |
| N.E.X. BETHESDA, ET AL. | * | |
| | ****** | |

### MEMORANDUM

Plaintiff has brought this *pro se* action for employment discrimination. Defendants have filed a motion to dismiss or for summary judgment. The motion will be granted.

### A.

Plaintiff was a hair stylist at the N.E.X. Bethesda, a retail store supported with non-appropriated funds by and through the Naval Support Activity. On August 30, 2014, plaintiff's employment was terminated after she was found to have consumed a soda from a Subway sandwich shop at the N.E.X. without paying for it, as well as for violating the rules of the Mass Transportation Benefit Program.

Plaintiff is an African-American female. She is Christian. Upon her hiring, she was required to sign a document entitled "Theft and Related Offenses by Navy Exchange Associates," which notified her that if she was found to have committed a theft offense, she was subject to termination, regardless of the amount of the funds or value of the property taken. On May 21, 2014, plaintiff's supervisor at the hair salon observed plaintiff filling up her water bottle with Coca-Cola from Subway's soda machine without paying for it. On July 14, 2014, plaintiff was interviewed and admitted to taking some sodas from the machine in the food court. She also admitted that she would use someone's car and let him use her metro benefit. On August 5,

2014, the N.E.X. Bethesda general manager issued a 14-calendar day advance notice of proposed disciplinary action. Plaintiff provided a written response to the notice. On August 29, 2014, plaintiff's employment was terminated.

Plaintiff alleges that she filed a claim with an EEO Counselor within 45 days of the termination of her employment as required by 29 C.F.R. §1614.105(a)(1). However, she has pointed to no evidence attesting to the fact. She did not contact the Nexcom EEO Office until December 30, 2014, after 121 calendar days had passed from the termination of her employment.

In this action plaintiff asserts claims for employment discrimination, violation of her Sixth and Fourteenth Amendment rights, intentional infliction of emotional distress, and defamation.

### B.

Plaintiff failed to exhaust her administrative remedies with regard to her claims for harassment, retaliation, and hostile work environment. In her complaint of discrimination, she alleged discrimination based on her race, color, religion, age, and sex.

As to her claims of discrimination based upon race, color, sex, and religion her claim is time-barred because she did not comply with 29 C.F.R. §1614.105(a)(1). In any event, defendants would be entitled to summary judgment on that claim in light of the fact that the record is clear that plaintiff was discharged for theft and misuse of her Mass Transportation benefits.

Plaintiff's constitutional claims are barred by the doctrine of sovereign immunity. Her claim for intentional infliction of emotional distress is barred because she did not comply with the procedure set forth in the Federal Tort Claims Act. 28 U.S.C. §2675. Her claim for defamation is barred because the Federal Tort Claims Act specifically bars suit against the

federal government as to such a claim, *see* 28 U.S.C. §2680(h), and sovereign immunity thus

applies.

A separate order granting defendants' motion is being entered herewith.

Date: 7/14/16

J. Frederick Motz
United States District Judge